SUPERIOR PAINT MANUFACTURING CO., INC., Plaintiff and Appellee, *v.* UNITED STATES FIRE INSURANCE COMPANY ET AL., Defendants and Appellant the first.

No. R-70-318.     Decided February 11, 1972.

*Agraít Oliveras & Otero* for appellant. *Segurola & Montalvo* for appellee.

MR. JUSTICE DÁVILA delivered the opinion of the Court.

The plaintiff supplied paints to a subcontractor of a public work. The subcontractor did not satisfy the amount of the paints supplied. The supplier sued the surety company of the subcontractor to recover the amount owed. The work was accepted on January 30, 1964. The complaint was filed on November 24 of that same year. The surety company maintains that the action exercised had prescribed for having been filed six months after the work was accepted. The trial court adjudged the controversy upholding the position of the plaintiff in deciding that the period of six months established in Act No. 388 of May 9, 1951,[1] 22 L.P.R.A. § 47 *et seq.*, is

---

[1] Section 9 of Act No. 388 of May 9, 1951, provides in its pertinent part:

"The cause for action authorized . . . against the bond and the bondsmen of the contractor shall be understood to have prescribed six

applicable only "to the bond given by the contractor in favor of the owner of a public work, as to the payment of the suppliers of materials and labor of said project, but are inapplicable to those bonds willfully given by the *subcontractors* in favor of the contractors, where they secure the payment to the suppliers of materials of the subcontracts." (Italics in the original.)

That determination is correct. The law does not require that the subcontractor of a public work post any bond in favor of the principal contractor. The laborers and materialmen are secured by the bond required by the law from the contractor. The bond was posted by the subcontractor to secure the laborers and materialmen of his subcontract. In this situation the relations between the suppliers of materials and the subcontractor are regulated by the bond contract. *Socony-Vacuum Oil Co.* v. *Continental Casualty Co.*, 219 F.2d 645 (2d Cir. 1955). The bond posted establishes that the obligation assumed by the surety shall cease if the principal —which is the subcontractor—promptly makes the payments to all the persons who furnish labor or materials in the performance of the part of the work contracted by him. It also provides that the complaint shall be filed within one year following the date on which the subcontractor finished his work.[2]

---

months after final acceptance of the work by the Commonwealth of Puerto Rico. . . ."

In *Jiménez y Salellas, Inc.* v. *Maryland Casualty Co.*, 92 P.R.R. 200 (1965), we decided that even though the law used the word "prescribed," the term established was of extinguishment.

[2] The bond, in its pertinent part, reads thus:

"NOW, THEREFORE, THE CONDITION OF THIS OBLIGATION is such that if the Principal shall promptly make payment to all claimants as hereinafter defined, for all labor and material used or reasonably required for use in the performance of the Contract, then this obligation shall be void; otherwise it shall remain in full force and effect, subject, however, to the following conditions:

1.

The Court of Appeals for the Second Circuit in the case of *Socony-Vacuum Oil Co.* v. *Continental Casualty Co., supra,* had under its consideration a question like the one in the present case. In deciding it expressed: "The situation is affected not at all by the fact that the plaintiff failed to perfect its rights under the Miller Act against the prime contractor and its surety. The bond now sought to reach was not one required under that Act and the rights to which it gave rise are not qualified by the Act or conditioned upon the timely pursuit of remedies under that Act. The rights under this bond must be determined by its language interpreted as of the date it was given." See also, *United States* v. *Algernon Blair, Inc.,* 329 F.Supp. 1360 (D.C.S.C. 1971).

We have already seen what the bond contract provides, that the obligation shall cease when the debt claims of the suppliers of materials are satisfied and that the action shall be exercised within the year following the date on which the subcontractor ceases working. The bond posted by the subcontractor not being required by law, the rights granted by it are not limited by the prescriptive term of Act No. 388 of May 9, 1951.[3]

The judgment appealed from will be affirmed.

Mr. Chief Justice Negrón Fernández and Mr. Justice Martínez Muñoz took no part in the decision of this case.

---

2. .    .    .    .    .    .    . .    .

3. No suit or action shall be commenced hereunder by any claimant.
a) .    .    .    .    .    .    .    .
b) After the expiration of one (1) year following the date on which Principal ceased work on said Contract. . . ."

[3] It is convenient to point out that the provision of the statute which establishes the term to exercise the action provides that "the cause for action authorized . . . against the bond and the bondsmen of the *contractor* shall be understood to have prescribed six months after final acceptance of the work by the Commonwealth of Puerto Rico" and in defining the term "contractor" it does not include "subcontractor". There is in fact a separate definition for the term "subcontractor."